# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA DASHNAW *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NEW BALANCE ATHLETICS, INC., <br><br> Defendant. | Case No. 3:17-cv-00159-L-JLB <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO SEAL** |

Pending before the Court is Plaintiffs' *Ex Parte* Application to File Under Seal Portions of Motion for Class Certification ("Application"). Defendant has not filed an opposition. Plaintiffs request sealing of portions of their memorandum of points and authorities in support of motion for class certification, the entirety of exhibits A, D, G, H, I and K to the declaration of Jason H. Kim in support of the class certification motion, as well as the entirety of Douglas A. Kysar's and Colin B. Weir's declarations. The only reason cited in support of sealing is a stipulated protective order. For the reasons stated below, Plaintiffs' Application is denied without prejudice.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This principle was adopted "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* at 1179 (internal quotation marks and citations omitted).

> A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

Plaintiffs point to a stipulated protective order as the basis for the request. That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing documents which are filed with the Court. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By nature, protective orders are over inclusive, *see Beckman*, 966 F.2d at 476, because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133. Whether a document designated as confidential pursuant to a protective order should be sealed must therefore usually be determined *de novo*. *See Weyerhaeuser*, 340 F. Supp. 2d at 1121. Plaintiffs' reliance on the protective order is insufficient to meet the compelling reasons standard for sealing court filings related to a class certification motion.

Plaintiffs' Application is therefore denied. The Court will consider only the public portions of documents filed in support of Plaintiffs' motion for class certification. If Plaintiffs wish the Court to consider their unredacted memorandum of points and authorities or any other documents they sought to seal, they must either file them publicly or secure leave to file them under seal. Any new Application to seal must include the requisite factual support and designate specific portions of the documents for sealing.[1] The Court is not inclined to seal any documents in their entirety, unless Plaintiffs make the requisite showing to seal

/ / / / /

---

[1] If Plaintiffs renew the application, they must provide chambers with a courtesy copy of the documents they are proposing to seal. *See* Electronic Case Filing Administrative Policies and Procedures Manual ¶ 2.e.

every portion of the document.  If Plaintiffs intend to renew their Application, they must comply with this order no later than October 2, 2017.

**IT IS SO ORDERED**.

Dated:  September 12, 2017

Hon. M. James Lorenz
United States District Judge