1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

SOUTHERN DISTRICT OF CALIFORNIA

12

SHEILA DASHNAW, *et al.*,

13

Plaintiffs,

14

15          v.

16

NEW BALANCE ATHLETICS, INC.,

17

Defendant.

18

Case No. 3:17-cv-00159-L-JLB

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

19          Pending before the Court in this putative class action alleging consumer fraud

20    relating to "made in USA" representations on certain New Balance athletic shoes, is

21    Plaintiffs' motion for preliminarily approval of class action settlement.  The motion

22    is denied without prejudice for the following reasons:

23          1.    The representation in the motion and the proposed class notice that

24    class members will receive "up to $10" in damages is problematic.  "Up to $10" is

25    the maximum class member payment provided under the settlement agreement.  The

26    actual amount depends on the number of claims.  However, based on the

27    representations in Plaintiff's motion, the class members will not receive $10 unless

28    the class participation rate is extremely low or the factual representations in support

of the proposed settlement are inaccurate by a wide margin.  Pursuant to the settlement agreement, Defendant is to pay $750,000 as "total Relief Amount."  From that amount, an estimated $200,000 is deducted for settlement administration costs and $15,000 for requested class representative service compensation.  After deductions, approximately $535,000 is available to pay the class members.  Defendant estimates that one million qualifying pairs of New Balance shoes were sold to the putative class.  Assuming that the estimate is accurate, and that every putative class member submits a claim for one pair of shoes, each will receive $0.54.  It is very uncommon in consumer class actions for every class member to submit a claim.  "[I]t is not unusual for only 10 or 15% of the class members to bother filing claims." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017) (internal quotation marks and citation omitted).  Ten or 15% are "low participation rates." *Id.*  If only 10% of the putative class submit claims, their estimated recovery will be $5.35.  To receive $10, the participation rate would have to be abysmally low -- just over 5%.  A realistic estimate of individual class member recovery is relevant to the settlement fairness determination under Federal Rule of Civil Procedure 23(e), *see In re Bluetooth Headset Prod. Liability Litig.,* 654 F.3d 935, 946 (9th Cir. 2011), and to the adequacy of the proposed notice to the class, *see In re Online DVD Rental Antitrust Litig.,* 779 F.3d 934, 946 (9th Cir. 2015).  The estimate of class member recovery provided in the motion and proposed notice appears inaccurate on its face, and lacks a plausible explanation.

   2.   The proposed *cy pres* award does not comply with *Dennis v. Kellogg Co.,* 697 F.3d 858, 865 (9th Cir. 2012) (" [W]e require that there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries.”).

   3.   The parties have provided no evidence of compliance with 28 U.S.C. § 1715.

/ / / / /

1

4.     The proposed class notice must be amended to make clear that making an objection does not preclude a class member from submitting a claim.

5.     Federal Rule of Civil Procedure 23(e)(5) provides that "[a]ny class member may object" to the proposed settlement.  Although the parties may encourage class members to provide written objections by a date certain, the Court is not inclined to prohibit a class member from objecting, if he or she did not file written objections or did not do so in a timely manner.  Accordingly, the proposed notice must be amended consistent with this order.

For the foregoing reasons, Plaintiff's motion for preliminary approval of class action settlement is denied without prejudice to re-filing after curing the foregoing defects.

**IT IS SO ORDERED.**

Dated:  October 5, 2018

_____
Hon. M. James Lorenz
United States District Judge