UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA DASHNAW *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NEW BALANCE ATHLETICS, INC.,<br><br>Defendant. | Case No. 17-cv-00159-L-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS CERTIFICATION AND SETTLEMENT AND CONTINUING FINAL PRETRIAL CONFERENCE** |

Pending before the Court in this putative class action alleging consumer fraud relating to "made in USA" representations on certain New Balance athletic shoes, is Plaintiffs' motion for preliminarily approval of class action settlement. The motion is denied without prejudice for the reasons stated below.

The proposed *cy pres* award to the Public Justice Foundation does not comply with *Dennis v. Kellogg Co.,* 697 F.3d 858, 865 (9th Cir. 2012). According to its website, the Public Justice Foundation "pursues high impact lawsuits to combat social and economic injustice, protect the Earth's sustainability, and challenge predatory corporate conduct and government abuses." *See* www.publicjustice.net/who-we-are/mission. In this regard, "Public Justice staff attorneys fight against injustices such as corporations cheating consumers and using the courts to find ways

1

to get away with it, reckless polluters, unscrupulous payday lenders, unjust employers, punitive credit card companies, inhumane government detention centers, dangerous food producers, and more." *Id.* www.publicjustice.net/what-we-do/. Although protecting consumers from corporations is one of the areas in which the Public Justice Foundation is active, the settlement provides no assurance that any funds would in fact be used to protect California consumers from false advertising, as opposed to the variety of areas where Public Justice Foundation is active. "Not just any worthy recipient can qualify as an appropriate *cy pres* beneficiary." *Id.* at 865. What is required is assurance that the funds will be "distributed in accordance with the goals of the remedy" and that class members will in fact benefit. *Id.* (discussing and quoting *Six Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1309 (9th Cir. 1990)). The fact that a *cy pres* beneficiary could potentially use the funds in a manner that will benefit the class members provides an insufficient "driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Id.* (quoting *Nachshin v. AOL, LLC,* 663 F.3d 1034, 1038 (9th Cir. 2011)); *see also Six Mexican Workers,* 904 F.2d at 1308. Accordingly, in the pending case, the settlement must ensure that the funds are distributed for the purpose of "protecting consumers from, or redressing injuries caused by, false advertising." *Dennis,* 697 F.3d at 867. Plaintiffs have not provided any assurance that a distribution to the Public Justice Foundation would be so limited.

In addition, Plaintiffs' proposed preliminary approval order seeks to subject any class member who does not exclude him or herself to a broad preliminary injunction limiting his or her current and future claims against Defendant and related parties. Specifically, Plaintiffs propose:

> 13. **Preliminary Injunction**. All Class Members and/or their representatives who do not timely exclude themselves from the Class are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as class members, putative class members, or otherwise against New Balance (or against any of its related parties or

affiliates), and/or from receiving any benefits from, any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts, and circumstances relating thereto, relating to the "Made in USA" Shoes, the Action, and/or the Release. In addition, all such persons are hereby preliminarily barred and enjoined from filing, commencing, or prosecuting a lawsuit against New Balance (or against any of its related parties or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on or relating to the claims, causes of action, facts, and/or circumstances relating thereto, relating to the "Made in USA" Shoes, the Action and/or the Release.

(Decl. of Jason H. Kim (doc. no. 103-2 ("Kim Decl.")) Ex. C (proposed order) at 31-32.[1]) Although Plaintiffs base the preliminary injunction on the conclusory assertion in the proposed order that it is justified by 28 U.S.C. §§ 1651(a) and 2283 in aid of the Court's continuing jurisdiction and authority over this action, they did not brief the issue either in the context of the All Writs Act or in the context of the requirements for relief under Federal Rule of Civil Procedure 65. Moreover, *Hesse v. Spring Corporation* circumscribes the scope of preclusive effect afforded by court-approved class action settlements even when they contain a broad release clause. 598 F.3d 581 (9th Cir. 2010). *A fortiori,* a preliminary injunction cannot impose greater limitations on the class members' current and prospective claims against Defendant. The parties are also encouraged to revisit the release provision in the settlement agreement in light of *Hesse.*

Furthermore, the new proposed class notice, summary notice, and claim form do not fully address the Court's concerns stated in the order dated October 5, 2018. For example, the class notice prominently states on its first page that "[t]he

---

[1] Page references are to the numbers assigned by the Court's electronic case filing system.

settlement will provide $750,000 to pay claims." (Kim Decl. Ex. D (class notice) at 48.) This statement is inaccurate, as Plaintiffs themselves state that "[i]t is estimated that about $535,000 will be available to satisfy the claims of Class Members." (Mem. of P. & A. (doc. no. 103-1) at 8.)

The notice is also unnecessarily verbose, repetitive and confusing. For example, Plaintiffs' explanation of the subject matter of this action, summary of the monetary terms of the settlement, and calculation of the likely recovery, as presented in their memorandum (*see, e.g., id.* at 1, 2 & 8), is far clearer, more accurate and more concise than the verbiage used to cover the same subject matter in the notice. The same observations apply to the summary notice and claim form.

Plaintiffs are therefore urged to reconsider the proposed notice, summary notice and claim form for accuracy, clarity and user-friendliness. Specifically, the class members should not be required to consult the settlement agreement for definition of material terms used throughout the notice, summary notice and/or claim form. Although it is fair to refer to the agreement for the details of less than material provisions, all material terms and provisions, especially those referenced with frequency, should be defined and explained in the document itself. In addition, Plaintiffs should include an exclusion form in the notice package for the putative class members who wish to exclude themselves. The settlement administrator shall accept exclusion forms on the same terms as claim forms.

Finally, the parties shall follow the following approximate timeline:

- the email and publication notice shall be disseminated no later than 14 days[2] after filing of the preliminary approval order;

- the first class mail notice shall be sent no later than 21 days after filing of the preliminary approval order;

---

[2] All references to days are calendar days.

- the motion for attorneys' fees, costs and class representative awards shall be filed, served and posted on the class action website no later than 21 days after filing of the preliminary approval order;

- class member claims and exclusions shall be submitted no later than 42 days before the fairness hearing;

- the settlement administrator's declaration shall be filed and served no later than 14 days before the fairness hearing;

- the fairness hearing will be scheduled on a Monday approximately 120 days after filing of the preliminary approval order.

For the foregoing reasons, Plaintiffs' motion for preliminary class action certification and settlement approval is denied without prejudice to re-filing after curing the foregoing defects. Any renewed motion shall be filed and served no later than December 7, 2018, and shall include a copy of the settlement agreement as amended. Plaintiffs shall email to the Court at its efile address editable Word versions of the proposed class notice, summary notice, claim form and exclusion form. The final pretrial conference, currently set for December 3, 2018 at 11:00 a.m., is vacated.

**IT IS SO ORDERED**.

Dated: November 23, 2018

Hon. M. James Lorenz
United States District Judge