UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA DASHNAW *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>NEW BALANCE ATHLETICS, INC.,<br><br>Defendant. | Case No.: 17cv159-L(JLB)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE JOINT MOTION TO MODIFY NOTICE PLAN, CLASS NOTICE, AND SETTLEMENT IMPLEMENTATION DATES** |

On January 24, 2019, the Court issued the Order Granting Plaintiff's Second Renewed Motion for Preliminary Approval of Settlement. (*See* doc. no. 108 ("Jan. 24 Order") and doc. no. 106 ("Sec. Renewed Mot."), respectively.) Among other things, the January 24 Order preliminarily approved the proposed class action settlement contained in the Amended Settlement Agreement signed December 7, 2018 (doc. no. 106-3 ("Settlement")), set the content and procedure for a full length and summary notice to the settlement class (Jan. 24 Order Exs. A & B, collectively, "Notice"), and provided a schedule through the final settlement approval hearing. On February 15, 2019, the parties filed the pending Joint Motion to Modify Notice Plan, Class Notice, and Settlement Implementation Dates (doc. no. 110 ("Joint Mot.")), seeking relief from failure to timely comply with the January 24 Order. They seek to delay Notice

1

distribution and increase the Notice cost to the putative Class members by $20,000.  For the reasons which follow, the Joint Motion is granted in part and denied in part.

### A. Effect of Proposed Changes on the Preliminary Settlement Approval

The parties explain that they did not comply with the January 24 Order because they discovered the summary notice was too long for the 1/8 page ad they had proposed in their Second Renewed Motion, and that a 1/4 page ad is needed, which will increase the Notice expense from the $200,000 estimate in the Settlement (Settlement ¶ III.A.1), to $220,000 (Decl. of Jeanne Finegan (doc. no. 110-1 ("Finegan Decl.") ¶ 3).  According to the parties, this will decrease the settlement fund available to the Class members; however, the estimated claim payments will be reduced by less than $0.25.  (Joint Mot. at 3-4.)

Because the monetary effect on the projected individual Class member recovery is small, the change to a 1/4 page ad does not alter the Court's finding in the January 24 Order that the terms of the Settlement are in the range of possible approval as fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e).  Accordingly, the request to modify the January 24 Order to accommodate the higher cost of a larger print ad is granted.

### B. Enlargement of Time

The parties request to delay the distribution of Notice by two weeks or more, and the final settlement approval hearing by approximately six weeks.  (Joint Mot. at 5.)  A showing of good cause is required to enlarge time for compliance with an order.  Fed. R. Civ. Proc. 6(b).  The Joint Motion was filed on February 15, 2019, more than a week after some of the due dates set in the January 24 Order had already passed.  (*See* Settlement ¶ IV.B.1. & 3 (notice by email and publication due Feb. 7, 2019).)  When, as here, the request for extension is made after the time had already passed, the requesting party must show excusable neglect.  Fed. R. Civ. Proc. 6(b)(1)(B).  In determining whether to grant an extension for excusable neglect, the Court looks to four equitable factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay v. Andrews,* 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer inv. Servs. Co. v. Brunswick Assoc. Ltd. Ptnshp,* 507 U.S.380, 395 (1993)).

The parties contend that they did not comply with the January 24 Order because they discovered that "the new Court Approved Summary notice at 1,100 words is more than double the word count that would fit in [the proposed 1/8 page] ad unit." (Finegan Decl. ¶ 3.) The summary notice the parties proposed in their Second Renewed Motion contained 973 words. (*See* doc. no. 106-5.) If 1,100 words is more than double the word count that will fit a 1/8 page ad, then 973 words surely came very close. With the exercise of due diligence, the parties should have known when they filed their Second Renewed Motion that the 1/8 page ad they were proposing was grossly inadequate. They offer no explanation why they could not discover this error before filing their motion on December 7, 2018, much less why their delay is excusable. The parties selected and retained Heffler Claims Group as the Settlement Administrator. With the Settlement Administrator's assistance, they were in the best position to discover the error before filing. Although there is no apparent evidence of bad faith, the Court finds that the Class Counsel and the Settlement Administrator failed to perform their duties with due diligence.

If all that were at stake with the Joint Motion were the parties' relative interests in this litigation, the Joint Motion could easily be denied. In the class action context, however, the Court is primarily concerned with prejudice to the putative Class members. Although the moving parties failed to give any plausible explanation for their oversight, the Court is not in the position to deny their request for extension of time, because it would deprive the putative Class members of their choice to participate in the Settlement.

For the foregoing reasons, the request for extension of time is granted, but only insofar as it does not unduly delay Settlement administration. The January 24 Order is supplemented and amended as follows:

1. The Settlement Administrator shall **forthwith, and in no event later than February 22, 2019,** disseminate the long form notice and publish the summary notice with changes as approved in this Order.

2. The Settlement Administrator shall **forthwith, and in no event later than March 1, 2019,** send the hard copy summary notices with changes as approved in this Order.

3. No later than **March 14, 2019**, the Settlement Administrator shall re-send hard copy summary notices which were returned as undeliverable.

4. No later than **June 6, 2019**, the Class members shall submit their claims or requests for exclusion, if any, by following instructions in the long form notice.

5. To the extent Class members choose to file written objections, they are encouraged to do so no later than **June 14, 2019**. Any replies to objections shall be filed no later than **June 21, 2019**.

6. No later than **June 21, 2019**, Plaintiffs shall file their motion for final approval of the Settlement. In addition to the requirements stated in the January 24 Order, the motion papers shall include a detailed breakdown of fees and costs incurred by the Settlement Administrator, which must include the invoice for publishing the summary notice in print as well as other vendor invoices.

7. To the extent any Class members choose to file a Notice to Appear, they are encouraged to do so no later than **July 8, 2019**.

8. The final approval hearing is continued to **July 15, 2019 at 10:30 a.m**.

**C. Changes to the Notice Content**

The parties request to make three changes to the Notice content. They request that (1) the notices reflect the new schedule leading to the final approval hearing; (2) the notices incorporate the increased cost; and (3) the Class members, should they

4

1 | chose to submit written objections to the Settlement, be directed to file them with the
2 | Court instead of also submitting them to the Settlement Administrator.

Based on the findings in Sections A. and B. above, the request to amend the Notice is granted. The January 24 Order is supplemented and amended to permit changing the Notice to reflect (1) the dates set forth in Section B. above; (2) the increased cost of printed ad notice discussed in Section A. above; and (3) the change in the procedure for objecting to the Settlement, *i.e.,* written objections to the Settlement, if any, need not be submitted to the Settlement Administrator, but may be filed with the Court.

### D. Change to the Manner of Distributing Summary Notice in Print

Finally, the parties request that the summary notice be published in print in the People Magazine's California edition instead of the Los Angeles Times as recommended in the Second Renewed Motion (Decl. of Jeanne Finegan (doc. no. 106-14) ¶¶ 14, 24) and approved in the January 24 Order. They claim this is necessary to reduce the cost of the larger ad size. While a 1/4 page ad in the Los Angeles Times, 4 times a week (*see* Finegan Decl. (doc. no. 106-14) ¶ 14), would increase the cost of notice by $30,000, the same size ad in People Magazine's California edition (presumably only once a week) will increase it by $20,000. (*See* Finegan Decl. ¶ 3.) The Claim Administrator assures that publication in the People Magazine's California edition will not reach fewer, but slightly more putative Class members. (*Id.* ¶¶ 2-6 & nn.1-3.)

Based on the representations in the parties' briefing and declarations, the Court finds that changing print publication of the summary notice to People Magazine's California edition will not diminish the adequacy of notice to meet due process requirements and requirements of Federal Rule of Civil Procedure 23(c)(2) and (e)(1). The request to change the publication is therefore granted.

For the foregoing reasons, the Joint Motion is granted in part and denied in part as stated above. This Order amends and supplements the January 24 Order. Unless

expressly stated herein, all duties and obligations imposed by the Settlement and the January 24 Order remain in effect. The Court is not inclined to entertain any further requests for modification to the Notice and Settlement administration process. This Order shall forthwith be posted on the Settlement website.

**IT IS SO ORDERED.**

Dated: February 20, 2019

_____
Hon. M. James Lorenz
United States District Judge